MARGARRETTA P. BARNES, Responden , v. SARAH J. STOUGHTON and others, Appellants.

*Appeal — service of notice of — upon what parties — Code, § 327.*

Defendant S. moved for a resale in an action of foreclosure, which was denied, and due notice of the entry of the order was served upon him by plaintiff's attorney. Subsequently, and within the time allowed by the Code, he served a notice of appeal upon the attorney for the plaintiff, but not upon the attorney for the purchasers. *Held,* that the appeal should be dismissed, on the ground that the proper parties had not been brought before the court.

APPEAL from an order, denying a motion for a resale of certain real estate, sold under a decree of foreclosure entered in this action, and requiring the purchaser to complete the purchase of the lots struck off to him.

*F. G. Salmon* and *James R. Marvin,* for the respondent.

*Wakeman & Latting,* for the purchaser.

BARNARD, P. J. :

On the 15th of March, 1875, an order was made by Judge TAPPEN, at Special Term, denying a motion for a resale in an action for the foreclosure of a mortgage.

On the 20th of March, 1875, written notice of the entry of such order was given by plaintiff's attorney to the attorneys for the moving parties. On the twenty-sixth of March, the defendant Stoughton, who had made said motion, served a notice of appeal, upon the plaintiff's attorney, from the order denying said resale. No notice of appeal was served on the several purchasers who had bought at the sale, and no notice of the entry of the order had been served by these purchasers upon the attorney for the defendant Stoughton. The General Term dismissed the appeal, after argument, as to Stoughton, for the reason that the appeal did not bring up the parties to the order appealed from.

A reargument is asked, upon the ground that a notice of appeal served on the plaintiff did bring up all parties ; and that, upon the argument of the appeal, all the purchasers could be properly bound by the order made by the appellate court.

An appeal must be made by the service of notice " upon the adverse party." (Code, § 327.)

An adverse party is one who has an interest adverse to the reversal of the order. (*Cotes* v. *Carroll*, 28 How., 436 ; *Hiscock* v. *Phelps*, 2 Lansing, 106.) Only one notice is required to limit the time in which to appeal. (Code, § 332.)

·If this was not so there might be many appeals from the same order taken at different times and heard separately.

I see no reason to have a reargument on the Stoughton appeal dismissed in May.

As to the appeals which have been taken after the dismissal of Stoughton appeal, and after thirty days from the service of the notice in writing, March 20, 1875, it follows that they are unauthorized, and must be dismissed as having been taken after the time to appeal had expired.

Reargument denied, with costs. Appeals dismissed, two motions, with costs.

Present — BARNARD, P. J., and TALCOTT, J.

Reargument denied, with costs and disbursements.